IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

---

| | |
|---|---|
| STEVEN P. HASSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:05cv56 (JCC) |
| | ) |
| FRANCIS J. HARVEY, SECRETARY | ) |
| OF THE ARMY, | ) |
| | ) |
| Defendant. | ) |

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter is before the Court on Defendant's Motion
to Dismiss, or in the alternative, for Summary Judgment.
Plaintiff Hassman filed this religious and disability
discrimination suit against the Army.  For the reasons stated
below, the Court will grant Defendant's Motion to Dismiss two of
Hassman's claims and partially grant and partially deny
Defendant's Motion for Summary Judgment on the remaining claims.

### I. Background

Plaintiff Steven P. Hassman, a Jewish man with alleged
hearing loss, filed this suit against the U.S. Army alleging
discrimination and retaliation under Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e-16(c), and the
Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*

Since 1982, Hassman has been employed by the U.S. Army
at the Foreign Language Training Center Europe, George C.

Marshall European Center for Security Studies, ("Marshall Center,") and its predecessor organization, the U.S. Army Russian Institute, in Germany.  At all times relevant to this suit, Hassman has been a GS-12 Russian Language expert.

Hassman has filed complaints with the Equal Employment Opportunity Commission, ("EEOC,") against the U.S. Army.  He filed his most recent complaint in 1997.  This administrative complaint was terminated when he filed suit in the United States District Court for the Eastern District of Virginia in March 1999.  *See Hassman v. Caldera*, No. 99-386 (E.D. Va. filed March 22, 1999).  Hassman filed that case against defendant Louis Caldera, then Secretary of the Army, in his official capacity, and alleged claims for religious and national origin discrimination and reprisal.  The Honorable Judge T.S. Ellis, III granted summary judgment to the defendant on November 22, 1999.  *See Hassman v. Caldera*, No. 99-386 (E.D. Va. 1999).  The Fourth Circuit affirmed on October 17, 2002.  *See Hassman v. Caldera*, 2000 WL 1186984 (4th Cir. Aug. 22, 2000).

Hassman filed this suit on January 24, 2005.  The Complaint alleges claims for: (1) religious discrimination and reprisal; and (2) reprisal, religious and disability discrimination.  Specifically, Hassman alleges that he was issued a job assignment as a Language Specialist at the Defense Threat Reduction Agency, ("DTRA,") in Virginia; denied the ability to

-2-

compete for the position of Chair, Russian and Ukranian Language Department to which Nataly Pekler was noncompetitively promoted; denied the opportunity to compete for the position of Chair, Linguist Enhancement Department to which Peter Armburst was appointed; denied his overseas tour extension; and denied administrative leave and expenses for developmental travel to the Ukraine.  Hassman alleges that he was discriminated against on the basis of his religion and disability, and retaliated against because of his prior EEOC activity.  Many of Hassman's claims arise out of actions taken by Keith Wert, who became Director of the Foreign Language Training Center Europe in February 1999.

Hassman seeks: (1) a declaratory judgment that Defendant has discriminated and retaliated against Hassman; (2) an injunction enjoining Defendant from further discrimination and/or retaliation against Hassman; (3) retroactive promotion to the position of Chair, Linguistic Enhancement Department or Chair, Russian and Ukrainian Department, with back pay and benefits; (4) compensatory damages; (5) attorney fees; and (6) other legal and equitable relief to which he may be entitled.

On April 4, 2005, Defendant filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment.  On May 6, 2005, Hassman filed a Verified Rule 56(f) Motion for Discovery, arguing that without certain discovery, he was unable to properly oppose the Motion for Summary Judgment.  Also on May 6, 2005,

Hassman filed an Opposition to the Defendant's motions which exceeded the page limit.  The Court denied Hassman's request to exceed the page limit.[1]

By Order entered June 10, 2005, the Court provisionally granted Defendant's motion to dismiss, retained jurisdiction over the case, and granted the Plaintiff leave to amend his Complaint to allege that he has exhausted his administrative remedies.  On June 10, 2005, Hassman filed an Amended Complaint.  On June 24, 2005, Defendant filed a renewed Motion to Dismiss, or in the alternative for Summary Judgment.  On July 6, 2005, Hassman filed his Opposition to the Defendant's motions stating that the motions should be held in abeyance until he obtains through additional discovery the information relevant to the arguments raised in the motions.  Defendant's alternative motions are currently before the Court.

## II. Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Where subject matter jurisdiction is challenged, the factual allegations are assumed true.  *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  If, however, "the motion challenges the actual existence of the Court's subject matter

---

[1] Although the Court denied Hassman's request for leave to file the fourty-four page brief, the Court has considered the Opposition because Hassman did not address the merits of the summary judgment motion in any other pleadings.

jurisdiction, . . . the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Id.* (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)).  The burden of proving subject matter jurisdiction is on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)(citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(c).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such

that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials; a "mere scintilla" of evidence is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 248-52.  A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the nonmoving party. *See id.* at 255.  Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  When a motion for summary judgment is made, the evidence presented must always be construed in the light most favorable to the nonmoving party. *See Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996)(en banc).

## III. Analysis

### A. Motion to dismiss

Defendant argues that the Court lacks subject matter jurisdiction to consider Hassman's administrative leave/expenses and overseas tour extension claims because these claims were not listed in his EEOC complaints, so he failed to raise them in the administrative process.

A federal employee must exhaust all available administrative remedies before bringing an employment discrimination complaint to federal court pursuant to Title VII. *See* 42 U.S.C. § 2000e-16(c); *Brown v. General Serv. Admin*., 425 U.S. 820, 832, (1976); *Zografov v. Veterans Admin, Med. Ctr*., 779 F.2d 967, 968-69 (4th Cir. 1985). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)(citation omitted).

Hassman filed his EEOC complaint on February 22, 2002, (Def.'s Mot., Ex. 1), and amended it on March 12, 2002.  (Def.'s Mot., Ex. 2).  Neither complaint contained the administrative leave/expenses or overseas tour extension claims.  On November 3, 2003, Hassman filed a motion to amend his complaint and attempted to include the administrative leave/expenses and overseas tour

extension claims.   (Pl.'s Mot., Ex. 1).   Because discovery had
closed on July 3, 2003, the Administrative Judge denied Hassman's
motion to amend his complaint on November 6, 2003.   (Pl.'s Mot.,
Ex. 2).

        Hassman argues that he is not required to exhaust his
administrative remedies on allegations of reprisal.   In *Nealon v.
Stone*, 958 F.2d 584, 590 (4th Cir. 1992), the Fourth Circuit
adopted the position that a plaintiff asserting a Title VII claim
of retaliation for filing a previous EEOC charge need not exhaust
administrative remedies before suing in federal court because a
claim for retaliation is reasonably related to allegations
contained in the charge and growing out of such allegations
during the pendency of the case before the EEOC.

        However, Hassman's reliance on *Nealon* to save his
overseas tour extension claim is misplaced because that claim is
not a claim for retaliation or reprisal.   The claim is that his
overseas tour was not extended because of religious
discrimination since 1999.   It appears that Hassman's overseas
tour was ended in 1995, or 1997 at the latest.   (*See* Pl.'s Opp'n,
Ex. 14).   Thus, the non-extension of his tour occurred before the
conduct contained in his EEOC charge and cannot have occurred as
reprisal for his filing of the EEOC complaint.

        Moreover, neither of these claims are like or related
to the claims contained in his EEOC complaint, i.e., reassignment

-8-

to a position requiring hearing skills based on disability discrimination; reassignment based on religious discrimination and retaliation for pursuing discrimination suit; harassment based on retaliation for pursuing discrimination suit; denial of opportunity to compete for the position of Chair, Russian and Ukrainian Department in 2001 based on retaliation for pursuing discrimination suit and religious discrimination. (*See* Def.'s Mot., Exs. 1-2).

In his administrative leave/expenses claim, Hassman argues that in August 2003 he requested and was denied administrative leave for part of his vacation when he would be in the Ukraine. (Pl.'s Opp'n, Ex. 2 at 2-3). Hassman claims that his request was denied because of religious discrimination. The Court fails to see how the denial of administrative leave is related to the conduct Hassman complains of in his EEOC complaint. Likewise, the alleged failure to extend his overseas tour is also unrelated to the conduct contained in the EEOC complaint. Accordingly, the Court will grant Defendant's motion to dismiss Hassman's administrative leave/expenses and overseas tour extension claims.

**B. Motion for summary judgment**

As a threshold matter, the Court must determine whether to reach the merits of the summary judgment motion or to hold the motions in abeyance pending additional discovery.

Federal Rule of Civil Procedure 56(f) provides that when it appears that the party opposing the motion cannot "for reasons stated present by affidavit facts essential to justify the party's opposition [to the motion for summary judgment]," the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.  Fed. R. Civ. P. 56(f).  However, the party's obligation under the rule is to "particularly specif[y] legitimate needs for further discovery."  *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).

Discovery began in this case sometime after May 16, 2005 and closes on September 2, 2005.  Hassman's deposition is scheduled for September 2, 2005.  Nevertheless, Defendant argues that the case is ripe for summary judgment.  The Court agrees in part and disagrees in part.

## 1. DTRA assignment

Regarding Hassman's claim for the alleged DTRA assignment, it is clear at this stage of the proceedings that Hassman cannot establish a prima facie case of religious discrimination or retaliation.

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, makes it "an unlawful employment practice for an employer . . . to discharge . . . or otherwise

discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment,
because of such individual's . . . religion . . . ."  42 U.S.C. §
2000e-2(a)(1).

As set forth in *Hill v. Lockheed Martin Logistics
Mgmt., Inc.*, a plaintiff may:

> proceed under a "pretext" framework, under which the
> employee, after establishing a prima facie case of
> discrimination, demonstrates that the employer's
> proffered permissible reason for taking an adverse
> employment action is actually a pretext for
> discrimination.  To demonstrate the prima facie case of
> [religious] . . . discrimination under the pretext
> framework, the plaintiff must show that (1) []he is a
> member of a protected class; (2) []he suffered adverse
> employment action; (3) []he was performing [his] job
> duties at a level that met [his] employer's legitimate
> expectations at the time of the adverse employment
> action; and (4) the position remained open or was
> filled by similarly qualified applicants outside the
> protected class.  If a prima facie case is presented,
> the burden shifts to the employer to articulate a
> legitimate, nondiscriminatory reason for the adverse
> employment action.  Assuming the employer meets this
> burden of production, . . . the burden shifts back to
> the plaintiff to prove by a preponderance of the
> evidence that the employer's stated reasons "were not
> its true reasons, but were a pretext for
> discrimination."  At this point, the burden to
> demonstrate pretext "merges with the ultimate burden of
> persuading the court that [the plaintiff] has been
> the victim of intentional discrimination."

354 F.3d 277, 285-86 (4th Cir. 2004)(citations omitted).

The plaintiff "may succeed in this either directly by
persuading the court that a discriminatory reason more likely
motivated the employer or indirectly by showing that the
employer's proffered explanation is unworthy of credence."  *See*

*Tx. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973)).

Hassman cannot establish a prima facie case of religious discrimination based on his assignment to DTRA because the assignment was not an adverse personnel action. An adverse employment action is a discriminatory act which "adversely affect[s] the terms, conditions, or benefits" of the plaintiff's employment. *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004)(internal citations and quotation marks omitted). Conduct short of ultimate employment decisions can constitute adverse employment action. *Id.*

The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action. *Id.* at 376 (citing Von *Gunten v. Maryland*, 243 F.3d 858, 868 (4th Cir. 2001). A "reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect." *Id.* (citing *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999)). "[A]bsent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." *Id.*

-12-

(citing *Boone* at 256-57; *Taylor v. Va. Dep't of Corrs*., 177 F. Supp. 2d 497, 504-05 (E.D. Va. 2001)).

Hassman alleges that the DTRA position was substantially different from his position at the time, he was not qualified to perform the duties of the new position, and that his wife is not an American citizen and would have been unable to accompany him to the United States.  Thus, he argues that the DTRA assignment constitutes an adverse employment action. However, even if his allegations are true, none of them meet the standards for an adverse employment position.  In fact, Hassman was ultimately allowed to decline the job with no penalty and still remains in the same position, grade, and pay as before the assignment was made.  (Def.'s Mot., Exs. 10 at 280, 16).  The DTRA assignment is not an adverse employment action and additional discovery will not allow Hassman to show that it is such an action.[2]

The test for proving prima facie retaliatory discharge under 42 U.S.C. § 2000e-3(a) requires that: (1) plaintiff engaged in protected activity; (2) the employer took adverse employment

---

[2] At oral argument, Hassman argued that the DTRA assignment meets the less stringent "adverse employment action" requirement applied in *Peary v. Goss*, 365 F. Supp. 2d 713 (E.D. Va. 2005).  However, in that case, the court actually applied the same "adverse employment action" requirement that the Fourth Circuit applied in *Booz-Allen*.  *Id*. at 723.  Moreover, the court explained that "mere reassignment to a less appealing job does not constitute an adverse employment action.  Instead, reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect."  *Id*. (citations omitted).  Under *Peary*, the DTRA assignment was not an adverse employment action.

-13-

action against plaintiff; and (3) a causal connection existed between the protected activity and the adverse action. *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998). To meet the third requirement, the plaintiff must show that the adverse action would not have occurred "but for" the protected conduct. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365-66 (4th Cir. 1985) *(overruled on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)). Once the plaintiff establishes the elements of her prima facie case, the burden shifts to the employer to proffer evidence of a legitimate, non-discriminatory reason for taking the adverse employment action. *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001)(citation omitted). If the employer carries its burden, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered" were pretextual. *Id.*

As explained above, the DTRA assignment is not an adverse employment action, so Hassman cannot establish a prima facie case of retaliation based on the assignment. Thus, the Court will grant Defendant's motion for summary judgment on Hassman's allegation that the DTRA assignment constituted religious discrimination and retaliation.

## 2. Denial of opportunity to compete for Chair positions

However, it appears that the denials of the opportunity to compete for the two Chair positions do constitute adverse employment actions under *Booz-Allen* because the denials decreased Hassman's opportunities for a promotion.  *See Booz-Allen*, 368 F.3d at 376.  It appears that additional discovery is necessary for Hassman to oppose Defendant's motion for summary judgment on these two remaining claims.  Thus, the Court will allow Hassman to complete discovery on his remaining two Title VII claims and entertain motions for summary judgment after the close of discovery.

## 3. Disability discrimination

Section 504 of the Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in
> the United States . . . shall, solely by reason of her
> or his disability, be excluded from the participation
> in, be denied the benefits of, or be subjected to
> discrimination under any program or activity receiving
> Federal financial assistance . . . .

29 U.S.C. § 794(a).

In order to establish a violation of this statute, a plaintiff must prove: (1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and (3) that he was excluded from the employment or benefit due to discrimination solely on the basis of the disability.  *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995)(citation omitted).  An individual is not otherwise

-15-

qualified if he poses a significant risk to the health or safety of others by virtue of the disability that cannot be eliminated by reasonable accommodation.  *Id.*

Hassman alleges that he was discriminated based on his hearing disability when he was offered a job for which it knew or should have known that he was unqualified.  (Am. Compl. ¶ 62).  Defendant argues that because the job offer was withdrawn with no penalty to Hassman, Hassman was never in a position to need or request an accommodation for any alleged disability.  Hassman did not respond to this argument in his Opposition but stated during oral arguments that he had not withdrawn this claim.  As the issues regarding the disability discrimination claim have not been fully briefed, the Court will deny Defendant's motion for summary judgment on the claim.

## IV. Conclusion

For the reasons stated above, the Court will: (1) grant Defendant's motion to dismiss the religious discrimination and retaliation claims arising out of Hassman's administrative leave/expenses and overseas tour extension claims; (2) grant Defendant's motion for summary judgment on the religious discrimination and retaliation claims arising out of Hassman's assignment to DTRA; (3) deny Defendant's motion for summary judgment on the religious discrimination and retaliation claims arising out of the alleged denial of the opportunity to compete

for the two Chair positions and the disability discrimination

claim.  An appropriate Order will issue.


July 18, 2005                    _____/s/_____
Alexandria, Virginia             UNITED STATES DISTRICT COURT JUDGE